```
               UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF PENNSYLVANIA
```

TERRY DUTRIEVILLE,

Petitioner,

                                    Civil Action No. 05-477

      v.                 Judge Joy Flowers Conti
                        Magistrate Judge Amy Reynolds Hay

JOHN A. PALAKOVICH, et al,

Respondents.

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner Terry Dutrieville is a state prisoner incarcerated at the State Correctional Institution Smithfield, located in Huntingon, Pennsylvania. Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. 2). Therein, he raises the following two claims for habeas corpus relief:

**Claim 1:**  "The petitioner's 2-to-10 year sentence was imposed in violation of the double jeopardy clause of the U.S. Constitution. In 1994, the original plea agreement called for a sentence of 100 days[ ] time served followed by five years[ ] probation. At the probation revocation hearing in 1999, the court was limited to the maximum imposed at the 1994 plea and sentencing proceedings. The 2-to-10 year term amounted to a

1

>     second punishment in violation of the constitutional
>     proscription against double jeopardy."

**Claim 2:** "The petitioner's 1994 guilty plea was not knowingly, intelligently, and voluntarily made.  Guilty plea counsel pressured the petitioner into pleading guilty without first conducting any investigation into the petitioner's assertion of actual innocence or the available evidence supporting the petitioner's claim of innocence.  Under the circumstances, guilty plea counsel's advising the petitioner to plead guilty without first conducting any meaningful investigation into the petitioner's assertion of his actual innocence constituted ineffective assistance under the Sixth and Fourteenth Amendment[s] to the U.S. Constitution."

**A.   Relevant Procedural History**

On March 24, 1994, at CC No. 1990-12267, Petitioner pled guilty to, inter alia, one count of delivery of a controlled substance (hereinafter referred to as the "drug trafficking conviction").  (Exs. 2, 3, 4).[1]  The Honorable John O'Brien of the Court of Common Pleas of Allegheny County sentenced him five years of probation and time served on that conviction.  (Ex. 3 at 8).  Judge O'Brien informed Petitioner that he had thirty days to file a petition to withdraw his plea and thirty days in which to appeal.  (Id.)  Petitioner did not file any post-sentencing motions or file an appeal.[2]  (Ex. 29 at 1).

---

[1]   All Exhibits referenced herein are attached to the Respondents' Answer at Doc. 6.

[2]   On November 4, 1996, Petitioner's probation was continued for ninety days because he was in technical violation of his parole and he failed to appear for his violation hearing.  On February 11, 1999, Petitioner, who was still on probation, pled guilty to two counts of defiant trespass at CC No. 1998-12592 and CC 1998-12584 (hereinafter referred to as the "defiant trespass

On February 12, 1999, Petitioner entered the apartment of Shirley Fillippino and stabbed her, causing injuries to her leg and face.  At CC No. 1999-03608, he was charged with aggravated assault, burglary, criminal trespass, possession of instruments of crime and harassment, and stalking.  Then, on February 13, 1999, he was charged with simple assault at CC No. 1999-02730, after he again attacked Fillippino by throwing her to the floor and choking her.

The Honorable Lester G. Nauhaus presided over CC Nos. 1999-03608 and 1999-02730 (hereinafter referred to as the "assault convictions").  Petitioner pled guilty and Judge Nauhaus sentenced him to two to four years imprisonment, and a consecutive eighteen month probationary term at each conviction.

On December 1, 1999, Judge W.T. O'Brien presided over a probation violation hearing on the drug trafficking conviction.  He determined that Petitioner's assault convictions violated the conditions of his probation on the drug trafficking conviction.  He revoked Petitioner's probation on his drug trafficking conviction and imposed a sentence of not less than two nor more than ten years imprisonment to run consecutive to any sentence he

---

convictions").  The charges stemmed from incidents that occurred in September 1998, in which Petitioner forced his entry into the apartment of Shirley Fillippino and refused to leave.  Judge W.T. O'Brien presided over Petitioner's guilty plea proceedings and sentenced him to one year probation at each information.  As a condition of his probation, Judge O'Brien ordered Petitioner to have no contact with the victim, Fillippino.

3

was then serving or any that remained to be served.[3]  (Ex. 6 at 14).

### 1. Petitioner's Direct Appeal of the 1999 Resentence On the Drug Trafficking Conviction

Petitioner appealed Judge O'Brien's resentence on the drug trafficking conviction to the Superior Court of Pennsylvania.  He claimed, inter alia, that Judge O'Brien's resentence violated his federal due process rights.  (Ex. 13 at 1).

On May 31, 2001, the Superior Court affirmed Judge O'Brien's judgment of sentence.  (Ex. 21).  Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.  Accordingly, the judgment of sentence became final on or about July 1, 2001, the date on which the thirty-day period to file a petition for allowance of appeal expired.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

### 2. Petitioner's PCRA Petition Challenging His 1994 Guilty Plea

On June 4, 2002, Petitioner filed a petition for collateral

---

[3] The imposition of this sentence is challenged at Claim 1 in the instant petition.
 At this same hearing, Judge O'Brien also determined Petitioner violated the conditions of probation on his defiant trespass convictions.  However, he took no action on the two-year defiant trespass probationary sentences, stating that "the sentence I just announced is sufficient punishment." (Ex. 6 at 14-15).

relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 et seq.  (Exs. 22-24).  Therein, he claimed that the court should allow him to withdraw his 1994 guilty plea on the drug trafficking charge because he received ineffective assistance of counsel with respect to his 1994 plea agreement.  (Ex. 24).

The PCRA court determined that the attack of his 1994 plea proceeding was untimely under the PCRA's one-year statute of limitations.  (Ex. 25 (citing 42 Pa.Cons.Stat. § 9545(b)(1)).  The Superior Court affirmed.  (Ex. 29).  It determined that Petitioner's original judgment of sentence on his drug trafficking conviction became final on April 24, 1994 (the expiration of the thirty-day period for seeking appellate review of his guilty-plea proceedings.)[4]  (Id. at 5).  It explained that the 1995 amendments to the PCRA (which enacted the one-year statute of limitations) provide that if, as is the case here, a judgment of sentence became final before the January 16, 1996 effective date of the amendments, a first PCRA petition will be

---

[4]  The Superior Court rejected Petitioner's argument that the statute of limitations should run from the date his judgment on the drug trafficking resentencing became final (July 1, 2001). It noted that the PCRA petition did "not in fact challenge any issue pertaining to the December 1999 probation revocation hearing or sentence.  Rather, the issues raised in the PCRA petition pertain to [Petitioner's] March 1994 guilty plea. Specifically, [Petitioner] seeks to withdraw that guilty plea on the basis of ineffective assistance of counsel.  Thus, the PCRA deadline must be calculated using that date."  (Ex. 29 at 4-5).

5

considered timely filed if it is filed by January 16, 1997 (one year from the effective date). (Id.) Because Petitioner's PCRA petition was filed in June 2002, if was filed "over five years after the [1997] filing deadline. Thus, [Petitioner's] [PCRA] petition was properly dismissed as untimely." (Id.)

On May 26, 2004, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal. (Ex. 32). He began proceedings in this Court, at the very earliest, on April 6, 2005, the date he signed the Petition for Writ of Habeas Corpus. (Doc. 2).

**B.    Time Period for Filing Federal Habeas Corpus Petitions**

   **1.    One-Year Statute of Limitations Period**

In their Answer, Respondents contend that the instant petition must be dismissed because Claim 1 and Claim 2 are untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244.[5] (Doc. 6 at 13-14). AEDPA – similar to its state counterpart the PCRA – requires, with a few exceptions not implicated here, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after the state judgment he or she is

---

[5] In Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), cert. denied Fielder v. Lavan, 125 S.Ct. 904 (2005), the court held that § 2244(d)(1)'s one-year statute of limitations applied on a claim-by-claim basis, not to an application as a whole with the latest accruing claim governing. 379 F.3d at 118-122.

challenging becomes final. 28 U.S.C. § 2244(d)(1)(A). As set forth below, each of Petitioner's claims was filed outside of this one-year limitations period.

## Claim 1

In Claim 1, Petitioner challenges Judge W.T. O'Brien's 1999 revocation of his probation on his 1994 drug trafficking conviction and the imposition of a sentence of not less than two nor more than ten years imprisonment. As set forth above, that judgment of sentence became final on July 1, 2001. Accordingly, Petitioner had until July 1, 2002, to file a federal habeas corpus petition with this Court raising constitutional challenges to the imposition of the two-to-ten year sentence on his drug trafficking conviction. Claim 1, filed with this Court in his April 2005 federal habeas petition, is thus untimely.[6]

## Claim 2

In Claim 2, Petitioner contends that he received constitutionally ineffective assistance of counsel at his 1994

---

[6] "Properly filed" applications for PCRA relief that are pending during AEDPA's limitations period will statutorily toll that limitations period. 28 U.S.C. § 2244(d)(2). Here, Petitioner's June 2002 PCRA petition did not toll AEDPA's limitations period with respect to Claim 1 because the state courts determined that that PCRA petition was untimely filed. As a result, the PCRA petition does not qualify as "properly filed" under 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, – U.S. – , 125 S.Ct. 1807, 1814 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

plea proceeding on the drug trafficking conviction. As the Superior Court noted, Petitioner's original judgment of sentence on this conviction became final on April 24, 1994 (after expiration of the thirty-day period for seeking appellate review of his guilty-plea proceedings). (Ex. 29 at 5). Because this original judgment became final before the April 24, 1996 effective date of AEDPA, Petitioner had one year from that date – until April 23, 1997 – to file a federal habeas corpus petition challenging the constitutionality of his guilty-plea proceedings. Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that petitioners whose convictions became final before the effective date of AEDPA had up until, and including, April 23, 1997 to file a timely petition under § 2244(d)(1)). His federal habeas corpus petition was filed with this Court long after that date, and thus Claim 2 is untimely.

## 2. **Equitable Tolling**

AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19

(3d Cir. 1998) (internal citations, quotations, and punctuation omitted).  See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

Petitioner has not met his burden of establishing entitlement to the extraordinary remedy of equitable tolling.  He fails to direct this Court to any extraordinary circumstances beyond his control that accounted for his failure to file Claims 1 and 2 in a timely manner.  See e.g., Lacava, 398 F.3d at 276-79.

**C.    Certificate of Appealability**

AEDPA provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a state court unless a certificate of appealability has been issued.  A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right.  28 U.S.C. 2254(c)(2).

In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

9

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by Petitioner was filed within the one-year limitation period which is provided for under AEDPA.  Accordingly, a certificate of appealability should be denied.

### III. **CONCLUSION**

It is respectfully recommended that the Petition (Doc. 2) be dismissed and that a certificate of appealability be denied.  In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    /s/ Amy Reynolds Hay
    AMY REYNOLDS HAY
    United States Magistrate Judge

Dated: 24 February, 2006

cc:  The Honorable Joy Flowers Conti
     United States District Court Judge

```
Terry Dutrieville
DZ-4893
SCI Smithfield
1120 Pike Street
P.O. Box 999
Huntingdon, PA 16652

Ronald M. Wabby, Jr.
Assistant District Attorney
Office of the District Attorney
Appeals/Post Conviction
401 Allegheny County Courthouse
Pittsburgh, PA 15219
```